# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kevin Louis Grad, | ) | |
| Plaintiff, | ) | Case No. 3:16-cv-81 |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Wayne Stenehjem, Attorney General, in his individual capacity, and Jonathan Byers, Assistant Attorney General, in his individual capacity, | ) | |
| Defendants. | ) | |

Plaintiff Kevin Louis Grad (Grad), an inmate who is proceeding pro se and in forma pauperis, filed a complaint alleging violations of constitutional rights under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must conduct an initial screening of any prisoner's complaint seeking redress from a governmental entity or its employees. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the complaint.

**Facts**

Grad alleges that North Dakota Attorney General Wayne Stenehjem (Stenehjem) and Assistant Attorney General Jonathan Byers (Byers) headed a committee[1] that required Grad to register as a sexual offender for a misdemeanor conviction—indecent exposure. (Doc. #6, p. 4). Grad further alleges that the state statute under which he was

---

[1] Grad does not name the committee alleged to be involved, but the court assumes Grad makes reference to the Sex Offender Risk Assessment Committee (SORAC). See N.D. Cent. Code § 12.1-32-15(12)(d).

convicted did not require registration as a sexual offender. Id. Grad states that "years later," the state district court terminated the erroneous registration requirement. Id.

Grad contends that, because of the registration requirement, he was denied work, housing, educational, and treatment opportunities. Id. at 4-5. He states that he was prohibited from being around minors, including family members, and that he was subjected to "bullying, torment[,] and harassment." Id. at 5. He contends that he is unable to "rid" himself "of the stigma," which has caused him to suffer from mental health and addiction issues. Id. Grad requests monetary damages from the defendants in their individual capacities.

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim, and must give the defendants fair notice of the claim and the grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer that a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678. In construing a prisoner's pro se complaint,

a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Grad states that he was convicted of indecent exposure pursuant to North Dakota Century Code section 12.1-20-12.1(1)(a), which is a class A misdemeanor. (Doc. #6, p. 4). Under state law, an individual who has pled guilty to or has been found guilty of indecent exposure is considered a "sexual offender," see N.D. Cent. Code § 12.1-32-15(1)(f), and a sexual offender who has pled guilty to or has been found guilty of misdemeanor indecent exposure is required to register, see id. at § 12.1-32-15(2)(b). The court may, however, deviate from the registration requirement under certain circumstances. Id. If Grad's sole contention were that the state statute did not require him to register as a sexual offender, then his claim would be without merit. See State v. Glaser, 858 N.W.2d 920, 925 (N.D. 2015) (finding that the court did not abuse its discretion in requiring the defendant to register as a sexual offender after he was convicted of misdemeanor indecent exposure).

Grad appears to allege, however, that SORAC, rather than the court, required him to register as a sexual offender. The court's search of the state court records[2] reveals that on June 19, 2008, Grad pled guilty to indecent exposure and he was sentenced to thirty days' imprisonment.[3] State v. Grad, Morton County Case No. 30-08-K-00536.

---

[2] In addition to the complaint itself, the court may consider matters of public record in determining sufficiency of the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

[3] There is no mention in the public state court records of a registration requirement in connection with the 2008 indecent exposure conviction, other than a January 22, 2010 docket entry labeled "Converted Event Codes," followed by "(FREE01)

3

More than five years later, on July 11, 2013, Grad was charged with failure to register as a sexual offender. State v. Grad, Cass County Case No. 09-2013-CR-02350. The Information alleged that between May 21, 2013, and June 10, 2013, Grad failed to register a change in employment as is required of registered sexual offenders. Id. at Doc. ID# 1. The affidavit of probable cause in support of the Information stated that an officer, who was investigating Grad in connection with a reported theft, discovered that Grad was no longer working at the place of employment Grad had previously registered, and that Grad had not updated his registration to indicate that he had lost that job. Id. at Doc. ID# 2.

On December 17, 2013, a Morton County Assistant State's Attorney and Grad's counsel filed a stipulation in the indecent exposure case. State v. Grad, Morton County Case No. 30-08-K-00536, Doc. ID# 11. The stipulation stated that:

> It was contemplated by the parties and the Defendant understood that he would not be required to register as a sexual offender. The parties agree that the provisions of N.D.C.C. §12.1-32-15(2)(b) apply to this case; and that it should have been stated on the record that the Court does or did find that the Court should deviate from requiring the Defendant to register in that "the Court finds the individual is no more that three years older than the victim if the victim is a minor, the offender has not previously been convicted as a sexual offender or of a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense."

Id. The parties further agreed "that the judgment should be amended to provide that the Court does or did find that the Court should deviate from requiring the Defendant to register." Id.

---

ND OFFENDER REGISTRATION." State v. Grad, Morton County Case No. 30-08-K-00536, Doc. ID# 10. Regardless, Grad registered as a sexual offender.

On December 20, 2013, a Morton County Judge ordered that:

> The order, judgment, and sentence is hereby amended to provide that the Court finds that, pursuant to N.D.C.C. §12.1-32-15(2)(b) this case the Court should deviate from requiring the Defendant to register as a sexual offender in that the Court finds the individual is no more than three years older than the victim if the victim is a minor, the individual has not previously been convicted as a sexual offender or of a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in commission of the offense.
>
> **The Defendant Kevin Louis Grad shall not be required to register as a sexual offender as a consequence of the conviction in this file. N.D.R.Crim.P. 35(a)(2).**

Id. at Doc. ID# 11 (errors in the original).

Also on December 20, 2013, a Cass County Assistant State's Attorney filed a motion to dismiss the Information alleging that Grad had failed to register as a sexual offender, "because the parties ha[d] stipulated that the Defendant is not required to register for the underlying crime in Morton County." State v. Grad, Cass County Case No. 09-2013-CR-02350, Doc. ID# 26. The Cass County Judge granted the state's motion, and the failure to register case was dismissed. Id. at Doc. ID.# 29.

If SORAC required Grad to register as a sexual offender, SORAC did not take that action erroneously. Rather, absent a court finding that deviation from the registration requirement was warranted, Grad was required to register by state law. Unfortunately, the state court did not make its finding exempting Grad from the registration requirement until more than five years after his indecent exposure conviction. Grad has failed to state any claim that would entitle him to relief against Stenehjem or against Byers, and his claims against them should be dismissed.

## Conclusion

The state statute under which Grad was convicted required him to register as a sexual offender, absent the state court's deviation from that requirement. The state court did not deviate from the registration requirement and order that Grad not be required to register until more than five years after Grad's indecent exposure conviction. Grad's claim that the defendants erroneously required him to register as a sexual offender between the date of his indecent exposure conviction and the date the state court ordered that he not be required to register is without merit. Grad has failed to state any claim which would entitle him to relief. It is therefore **RECOMMENDED** that any claims against Stenehjem and Byers be dismissed with prejudice. It is further **RECOMMENDED** that the court certify that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 4th day of August, 2016.

    */s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Federal Rule of Civil Procedure Rule 72(a) and (b) and District of North Dakota Civil Local Rule 72.1(D)(2) and (3), petitioner may object to this Report and Recommendation by filing with the Clerk of Court no later than August 22, 2016, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.